UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ROBERT E. HATMAKER,<br>Plaintiff,<br><br>v.<br><br>MICHAEL S. ASTRUE,<br>Commissioner of Social Security,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 1:12-CV-145<br>Collier/Carter |

REPORT AND RECOMMENDATION

This action was instituted pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner denying the plaintiff a period of disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423, and 1382.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation regarding the disposition of Plaintiff's Motion for Judgment on the Pleadings (Doc. 11) and Defendant's Motion for Summary Judgment (Doc. 13), and Plaintiff's Response Memorandum in support of Reversal or Remand (Doc 15).

For the reasons stated herein, I RECOMMEND the decision of the Commissioner be AFFIRMED.

Plaintiff's Age, Education, and Past Work Experience

Plaintiff was born on November 23, 1961 (Tr. 118), and was 49 years old at the time of the ALJ's decision. Plaintiff completed the 11th grade in high school (Tr. 147). Plaintiff had past relevant work experience as a construction painter and roofer (Tr. 22–Finding No. 6, 32).

Applications for Benefits

Plaintiff protectively filed applications for a period of disability, Disability Insurance Benefits, and Supplemental Security Income on February 9, 2009 (Tr. 13, 118-29). After a hearing on June 7, 2010, an ALJ issued a decision on September 24, 2010, finding Plaintiff not disabled and denying his applications (Tr. 10-28). The Appeals Council denied Plaintiff's Request for Review on March 12, 2012 (Tr. 1-6). Plaintiff has exhausted his administrative remedies and timely filed a civil action in this Court, and this case is ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

Standard of Review - Findings of the ALJ

To establish disability under the Social Security Act, a claimant must establish he/she is unable to engage in any substantial gainful activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. § 404.1520. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity he/she is not disabled; (2) if the claimant does not have a severe impairment he/she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment he/she is disabled; (4) if the claimant is capable of returning to work he/she has done in the past he/she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy he/she is not disabled. Id. If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. § 404.1520; *Skinner v. Secretary of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a prima facie case that he/she cannot return

to his/her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which he/she can perform considering his/her age, education and work experience. *Richardson v. Secretary, Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 28 L. Ed. 2d 842, 92 S. Ct. 1420 (1971); *Landsaw v. Secretary, Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Secretary, Health and Human Servs.*, 790 F.2d 450 n. 4 (6th Cir. 1986).

After considering the entire record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.

2. The claimant has not engaged in substantial gainful activity since December 31, 2003, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*).

3. The claimant has the following severe impairments: degenerative changes of the lumbar spine, essential hypertension, slight tremor of the left upper extremity, depression, and anxiety (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light unskilled work as defined in 20 CFR 404.1567(b) and 416.967(b) except he would be limited to occasional grasping with his left upper extremity.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on November 23, 1961 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2003, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 15-23).

## Issues Presented

I. Whether The ALJ Erred in Rejecting the Opinion of Physical Restrictions Assessed by the Treating Physician.

II. Whether the ALJ Erred in failing to address, in any way, the Opinion of the Mental Restrictions from Plaintiff's Treating Physician.

## Relevant Facts

The record includes treatment notes from Dr. Frank Woods, Plaintiff's treating

physician; a consultative exam of April 3, 2009, performed by Dr. William Holland; a March 2, 2009 Psychological Evaluation, performed by James Biller, MS, a Licensed Phychological Examiner and James Trevor Milliron, PhD; a Psychiatric Review Technique of March 16, 2009 from Dr. Marvin Blasé, a DDS psychiatrist; and an April 9, 2009, Physical Residual Functional Capacity Assessment performed by Dr. Kaniku Chaudhuri. The findings of these treating sources will be discussed in the Analysis section of this Report and Recommendation.

## Analysis

*The Rejection of the Treating Physician's Physical Restrictions:*

Plaintiff first contends the ALJ improperly evaluated the opinion of treating physician Dr. Frank Wood with respect to Plaintiff's physical limitations (Tr. 284-86) (Doc. 12, Plaintiff's Memorandum, pp. 7-10). On September 22, 2009, Dr. Wood opined that, during an eight-hour day, Plaintiff could (1) sit for one hour for 15 minutes at a time, and (2) stand and/or walk for one hour for 15 minutes at a time (Tr. 284). Dr. Wood's opinion that Plaintiff can only sit and stand/walk for a total of two hours per eight-hour day means that, in Dr. Wood's opinion, Plaintiff would be required to lie down for the remaining six hours per day. However the ALJ concluded the medical evidence was inconsistent with such an opinion.

Dr. Wood also opined that Plaintiff: (1) could lift/carry no more than five pounds infrequently; (2) required bed rest during a normal workday and would require one hour of rest for every 45 minutes of work performed; (3) experience moderately severe pain daily that would cause lapses in his concentration; and (4) could only infrequently use his hands for fine manipulation, typing, writing, and grasping small objects (Tr. 284-85).

A treating source opinion should be given controlling weight only when it is well-supported by clinical and laboratory findings and is consistent with the other evidence of

record. *See* 20 C.F.R. §§ 404.1527(c)(2)-(4), 416.927(c)(2)-(4); *Crouch v. Secretary of Health & Human Servs.*, 909 F.2d 852, 856 (6th Cir. 1990). The supportability of a treating physician's opinion depends on the degree to which the source presents relevant evidence to support the opinion, particularly medical signs and laboratory findings. *See* 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4). "It is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." SSR 96-2p, 1996 WL 374188 (S.S.A.) *2 (1996). The Commissioner is not bound by a mere conclusory statement of a treating physician, particularly where it is unsupported by detailed, objective criteria and documentation. *See Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

If an ALJ does not give controlling weight to the opinion of a treating source, the ALJ determines what weight the opinion is due based on the factors set forth in 20 C.F.R. §§ 404.1527, 416.927, including whether the opinion is supported by sufficient evidence and whether the opinion is consistent with the record as a whole. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). If an ALJ declines to accord controlling weight to a treating physician opinion, the ALJ must provide good, specific reasons for the weight accorded the opinion. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). This is a procedural safeguard ensuring that a claimant understands the disposition of his or her case, and that the ALL applied the treating physician rule so as to provide meaningful judicial review of that application. *See id.* at 544-45.

The ALJ discussed Dr. Wood's treatment notes (Tr. 25) and discussed Dr. Wood's September 2009 opinion, but accorded it no weight (Tr. 25). I conclude the ALJ gave adequate

reasons for reaching this conclusion. He pointed out that there was no evidence to suggest Plaintiff's degenerative lumbar changes resulted in the marked limitations assessed by Dr. Wood (Tr. 25).

While discussing Dr. Wood's February 2010 opinion, the ALJ found that opinion was "also" inconsistent with the overall record and not supported by objective clinical findings (Tr. 25). I agree with the Commissioner that Dr. Wood's treatment notes lack the clinical findings to support his opinion, particularly his opinion that Plaintiff's physical limitation requires him to lie down for six hours per day (Tr. 281, 283, 290-92). The ALJ pointed out that lumbar spine x-rays did not show any nerve root impingement or significant disc space narrowing, and that Dr. Holland considered Plaintiff's lumbar spine degenerative changes to be mild (Tr. 22-24, 298-99).

The ALJ also pointed out Dr. Holland's observations that Plaintiff was able to ambulate well and move about the exam room without difficulty (21, 22-23, 25, 252, 294). The ALJ discussed Dr. Holland's July 2010 opinion that Plaintiff could perform a reduced range of medium work (Tr. 25, 299-304). *See* 20 C.F.R. §§ 404.1567(c), 416.967(c). The ALJ accorded Dr. Holland's opinion little weight because, although the ALJ agreed with Dr. Holland that Plaintiff could perform work-related activities, the ALJ believed that Plaintiff's lumbar spine impairment caused him to be more limited than Dr. Holland concluded (Tr. 25). Thus, the ALJ limited Plaintiff to light work (Tr. 23-26, Finding No. 5).

The ALJ also discussed the opinions of state agency physicians Drs. Chaudhuri and Pennington that Plaintiff could perform medium work (Tr. 25, 242-50, 259). As with Dr. Holland's opinion, the ALJ accorded their opinions little weight because the ALJ concluded that Plaintiff's lumbar spine impairment resulted in greater physical limitations (Tr. 25). I conclude the ALJ did not err by according more weight to the state agency physicians' opinions than to Dr.

Wood's opinion. *See Helm v. Comm'r of Soc. Sec.*, No. 10–5025, 2011 WL 13918, *4 (6th Cir. Jan. 4, 2011) (ALJ was not required to give relatively less weight to state agency physician opinions simply because they are contrary to treating physician opinion; SSR 96–6p, 1996 WL 374180, *2 (1996) provides that in appropriate circumstances, state agency physician opinions may be entitled to greater weight than treating or examining physician opinions). The ALJ also found that Plaintiff's household activities are inconsistent with Dr. Wood's opinion (Tr. 25). The ALJ specifically stated that he considered the medical opinion evidence of record according to the requirements of 20 C.F.R. §§ 404.1527, 416.927 (Tr. 19). *See Francis v. Comm'r of Soc. Sec.*, No. 09–6263, 2011 WL 915719, *3 (6th Cir. Mar. 16, 2011) (the regulations require the ALJ to consider these factors; they do not require the ALJ to engage in "an exhaustive factor-by-factor analysis."). I agree with the Commissioner that the ALJ's decision, taken as a whole, shows that he gave adequate reasons for according Dr. Wood's opinion no weight. He made an evaluation noting the opinion is inconsistent with the overall record, including the opinions of Drs. Holland, Chaudhuri, Pennington, Dr. Holland's observations during his exams, Plaintiff's lumbar spine x-rays, and Plaintiff's household activities. He further noted Dr. Wood's opinion is not supported by his own clinical findings on exam. *See Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 651 (6th Cir. 2009) (ALJ's stated reason for rejecting the treating physician's opinion, though brief, was adequate because it reached several of the factors in the regulations); *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 286 (6th Cir. 2009) (ALJ did not err in discounting treating physician's assessment where it was conclusory and inconsistent with the other evidence in the record); *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007) (the ALJ's decision not to give treating source's opinions controlling weight because the opinions were "inconsistent with the overall evidence of record" was "a factual determination within [the ALJ's] discretion");

*Crouch*, 909 F.2d at 856; *Buxton v. Halter*, 246 F.3d at 773; 20 C.F.R. §§ 404.1527(c)(2)-(4), 416.927(c)(2)-(4); SSR 96-2p, 1996 WL 374188.

Dr. Wood opined on February 9, 2010, that Plaintiff is unable to work (Tr. 281). The ALJ properly rejected this opinion because it is "also" inconsistent with the overall record and not supported by objective clinical findings (Tr. 21).

The issue of whether an individual is disabled or unable to work is ultimately reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d) (opinions that a claimant is "disabled" or "unable to work" are not medical opinions and are not given "any special significance;" they are "opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."); SSR 96-5p, 1996 WL 374183 (S.S.A.) *5 (1996) (even treating physician opinions on issues reserved to the Commissioner are never given controlling weight). The Sixth Circuit has acknowledged that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004) (quotations and brackets omitted); *see also Turner v. Comm'r of Soc. Sec.*, No. 09-5543, 2010 WL 2294531, *4 (6th Cir. June 7, 2010).

*The Rejection of the Mental Restrictions from Plaintiff's Treating Physician:*

Plaintiff next argues the ALJ did not properly evaluate Dr. Wood's opinion with respect to Plaintiff's mental limitations. In September 2009, Dr. Wood opined that Plaintiff's ability to perform several mental work-related activities was either "fair" (ability to function usually satisfactory, but at times limited or precluded) or "poor" (ability to function usually precluded) (Tr. 287-89). In both his Memorandum and Response Memorandum, Plaintiff argues the ALJ never mentioned Dr. Wood's mental opinion in his decision. The Commissioner concedes there

is no specific discussion of Dr. Wood's opinion as to Plaintiff's mental limitations but argues it is harmless error. For reasons that follow, I agree.

*Wilson* provided that a *de minimis* violation of 20 C.F.R. § 404.5127(d)(2) may qualify as harmless error, including where: (1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; or (2) the Commissioner met the goal of 20 C.F.R. § 1527(d)(2), even though he has not complied with the terms of the regulation. *See id.* at 547.[1] The present case constitutes harmless error under both examples.

In this case the ALJ did not ignore Plaintiff's mental condition, and although he did not directly address the specific limitations assessed by Plaintiff's treating physician, it is evident from his opinion that he did consider the treatment from his physician as well as the other opinions of record related to his mental condition. In his decision the ALJ addresses this issue:

> The claimant has further alleged disability secondary to anxiety and depression. Dr. Wood did prescribe medication for depressive symptomatology (Exhibit 11F) and the claimant has continued to allege sleep disturbances and excessive worry (Exhibit 3F). However his statements do not suggest mental limitations of such severity as to preclude any work activity. Indeed, the claimant has not sought mental health treatment and his GAF score was noted to be 70 suggesting only a mild limitation of function (Exhibit 3F). Mentally, the claimant can still perform unskilled work.
>
> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> As for the opinion evidence, Mr. Biller opined the claimant is functioning in the average range of intelligence without psychotic symptoms. He appeared to have a

[1] The March 26, 2012, revisions to 20 C.F.R. resulted in §§ 404.1527(d), 416.927(d) being relettered as §§ 404.1527(c), 416.927(c). However, no substantive changes were made to the subsections. Given that the cases cited below refer to former §§ 404.1527(d)(2), 416.927(d)(2), in the interest of clarity, the Commissioner will do likewise.

mild level of depression and anxiety secondary to his declining physical health and related life problems. He also opined his ability to understand and remember simple and/or detailed instructions appears to be unaffected; his ability to sustain concentration and be persistent with work processes appears to be mildly affected due to depression and anxiety; his ability to interact with peers and supervisors in a standardized work setting appears to be minimally affected due to depression and anxiety; and his ability to adapt to changes in the work environment and to be aware of hazards appears to be unaffected (Exhibit 3F). I find Mr. Biller's opinion well supported by the record and give it substantial weight. His opinion is substantiated by medically acceptable clinical diagnostic techniques and is consistent with the other substantial evidence in the claimant's case record.

Tr. 24-25

. . .

The State agency's psychological examiners reviewed the claimant's file as it stood on March 16, 2009 and opined the claimant's mental impairments were not severe. I find this opinion to be inconsistent with the medical record as the claimant's treating physician prescribed medication for the claimant's depressive symptomatology. Therefore, I give this opinion little weight.

Tr. 26

Dr. Wood's opinion is so patently defective that the Commissioner could not possibly credit it. As the Commissioner argues, Dr. Wood's opinion regarding Plaintiff's mental limitations is outside his area of expertise because he is not a psychiatrist or a psychologist and his treatment notes do not indicate any clinical findings or mental status exams supporting any mental limitations, let alone disabling mental limitations (Tr. 281, 283, 290-92). On the opinion form he completed, Dr. Wood did not identify a single medical/clinical finding to support his opinion when the form specifically asked for a description or discussion of medical/clinical findings to support his assessment. (Tr. 289). *See Durio v. Comm'r of Soc. Sec.*, 1996 WL 169362 (6th Cir. Apr. 10, 1996) (treating physician's report not entitled deference where it "appears to be a characterization of the plaintiff's complaints, rather than the results of any

independent medical evaluation"). Further, although Dr. Wood's treatment notes are largely illegible, it appears that the first, and only, time he diagnosed depression was on September 22, 2009, which is a day after he completed his opinion regarding Plaintiff's mental limitations on September 21, 2009 (Tr. 284-89). Since Dr. Wood's opinion is so patently defective that the Commissioner could not possibly credit it, the fact that the ALJ did not discuss it constitutes a *de minimis* violation of 20 C.F.R. § 404.5127(d)(2) and is harmless error. *See Wilson*, 378 F.3d at 547. The ALJ specifically noted Dr. Wood prescribed medication for depressive symptomatology and of Plaintiffs allegation of sleep disturbance and excessive worry but relied on the opinion of Mr. Biller. Although he gave the opinion little weight, the ALJ also referred to the conclusion of the Psychiatric Review Technique prepared by Dr. Marvin Blasé in which he found Affective Disorders and Anxiety-Related Disorders to be not severe. It seems implicit from the record as a whole that the ALJ rejected the opinion of Dr. Wood as it related to Plaintiff's mental condition.

In *Hall v. Comm'r of Soc. Sec.*, No. 04-5572, 2005 WL 2139890 (6th Cir. Sept. 2, 2005), the Sixth Circuit interpreted another example of harmless error, i.e., the Commissioner met the goal of 20 C.F.R. § 1527(d)(2) even though he has not complied with the terms of the regulation. *See Nelson v. Comm'r of Soc. Sec.*, No. 05-5879, 2006 WL 2472910, *7-8 (6th Cir. Aug. 28, 2006). The court in *Hall* stated that harmless error could occur where the ALJ generally analyzes the impairments addressed by the treating source's opinion so as to indirectly attack the supportability of the opinion or the consistency of the opinion with the record as a whole, both of which are grounds for rejecting a treating source opinion under 20 C.F.R. § 404.1527(d)(2). *See Nelson*, 2006 WL 2472910 at *7-8.

The court in *Nelson* applied this analysis and found the ALJ there met the goal of 20

C.F.R. § 404.1527(d)(2). *See Nelson*, 2006 WL 2472910 at *8. In *Nelson*, the ALJ's evaluation of the plaintiff's mental impairments indirectly attacked both the supportability of the treating source opinions and the consistency of those opinions with the rest of the record evidence and, thus, the ALJ implicitly provided sufficient reasons for not giving those opinions little or no weight overall. *See Nelson*, 2006 WL 2472910 at *8-9. I conclude that was done in this case.

The ALJ's evaluation of Plaintiff's mental impairments here indirectly attacked Dr. Wood's opinion. As shown above, the ALJ discussed the exams and opinion of Mr. Biller and Dr. Milliron, and the opinion of Dr. Blase, all of which are inconsistent with, and do not support, and are in fact contrary to Dr. Wood's opinion regarding Plaintiff's mental limitations. The ALJ pointed out twice (Tr. 20-21, 24) that the GAF score of 70 assessed by Mr. Biller and Dr. Milliron shows only some mild symptoms or some difficulty in functioning (Tr. 225). *See* DSM-IV-TR at 34. The ALJ also noted that (Tr. 20) Mr. Biller and Dr. Milliron considered Plaintiff's depression and anxiety to be mild (Tr. 225). Further, the ALJ discussed their opinion that Plaintiff's abilities to perform mental work-related activities were, at most, only minimally-to-mildly affected due to depression and anxiety (Tr. 25, 225).

The ALJ also discussed the opinion of Dr. Blase that Plaintiff does not have a "severe" mental impairment (Tr. 22, 228-40), and noted that Plaintiff had not sought mental health treatment (Tr. 20). The ALJ pointed out that Dr. Wood prescribed medication for Plaintiff's depressive symptoms (Tr. 20, 22). However, as shown above, Dr. Wood's opinion is not well-supported or explained by medical signs and laboratory findings. *See Nelson*, 2006 WL 2472910 at *9 (in finding the ALJ indirectly attacked the treating physicians' opinions, the court noted that the opinions were not well-supported or explained by medical signs and laboratory findings). Moreover, the ALJ found that Plaintiff's subjective statements regarding his mental

symptoms did not suggest mental limitations of such severity so as to preclude any work activity (Tr. 20). This is similar to the ALJ's statement in *Nelson* that there are no medical findings to show the plaintiff's RFC was significantly compromised. *See Nelson*, 2006 WL 2472910 at *9.

I conclude the ALJ met the goal of 20 C.F.R. § 404.1527(d) by discussing the medical evidence and opinions related to Plaintiff's mental impairments and by indirectly attacking Dr. Wood's opinion. Thus, remand for the ALJ to simply evaluate Dr. Wood's unsupported and inconsistent opinion would serve no purpose. *See Nelson*, 2006 WL 2472910 at *8-9; *see also NLRB v. Wyman-Gordon*, 394 U.S. 759, 766 n.6 (1969) (plurality opinion) (where "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game"); *Higgs v. Bowen*, 880 F.2d 860, 861 (6th Cir. 1988) (the ALJ's failure, if any, to be "more thorough and articulate" in his decision is not reversible error where his intent is clear); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand ... unless there is reason to believe that the remand might lead to a different result."); *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (procedural perfection in administrative proceedings is not required; the court will not vacate a judgment unless the substantial rights of a party have been affected); *but see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742 (6th Cir. 2007) (remanding under *Nelson* analysis where ALJ did not mention treating psychologist opinion); *Earnest v. Astrue*, No. 1:08–CV–225, 2009 WL 3614813 (E.D. Tenn. Oct. 26, 2009) (finding no harmless error under *Wilson* where ALJ did not mention treating physician opinion).

Conclusion

Having carefully reviewed the entire administrative record and the briefs of the parties filed in support of their respective motions, I conclude there is substantial evidence in the record to

support the findings of the ALJ and the decision of the Commissioner, and neither reversal nor remand is warranted on these facts. Accordingly, I RECOMMEND:

(1) The plaintiff's motion for judgment on the pleadings (Doc. 11) be DENIED.

(2) The defendant's motion for summary judgment (Doc. 13) be GRANTED.

(3) The case be DISMISSED. [2]

S /William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

[2]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).